UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrianna Bostic,<br><br>        Plaintiff,<br>vs.<br><br>Unum Life Insurance Company of America,<br><br>        Defendant. | Case No. 0:21-cv-1602<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Unum Life Insurance Company of America may be found in this district. In particular, Unum Life Insurance Company of America is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Unum Life Insurance Company of America insures employee benefit plan ("Plan") that Northeast Georgia Health System, Inc. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Unum Life Insurance Company of America is a corporation organized and existing under the laws of the State of Maine and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Northeast Georgia Health System, Inc. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 953566 002 which was issued by Unum Life Insurance Company of America to Northeast Georgia Health System, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Unum Life Insurance Company of America both funds the Plan and decides whether participants will receive benefits under

the Plan. Accordingly, Unum Life Insurance Company of America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Unum Life Insurance Company of America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about November 12, 2019 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Unum Life Insurance Company of America for disability benefits.

14. Unum Life Insurance Company of America denied Plaintiff's claim for disability benefits. Plaintiff appealed Unum Life Insurance Company of

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

America's decision, but Unum Life Insurance Company of America denied Plaintiff's appeal on June 10, 2021.

15.     Plaintiff provided Unum Life Insurance Company of America with substantial medical evidence demonstrating she was eligible for disability benefits and disabled from November 13, 2019 to May 10, 2020, as well as disabled from May 10, 2020 to the present day and continuing.

16.     The medical evidence Plaintiff provided included a narrative report from Dr. Benjamin Akosa dated October 22, 2020.

17.     Dr. Benjamin Akosa concluded Plaintiff was unable to work, even in a sedentary job as of the date of Dr. Akosa's report, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

18.     Dr. Benjamin Akosa also concluded that Defendant's September 25, 2020 denial letter misstated him regarding Plaintiff not requiring restrictions or limitation by stating, "Unum's conclusion is not accurate, I did not state that the patient had no restrictions or limitations from April 8, 2020 forward, as the patient had significant limitations to her ability to function independently."

19.     Dr. Benjamin Akosa found that Plaintiff required actual limitations and/or restrictions of NO WORK from December 3, 2019 to the date of his report.

20.     The medical evidence Plaintiff also provided included medical records from Psychiatric Professionals of Georgia, Ridgeview Institute-Monroe,

Northeast Georgia Psychological Services, Pleasant Hill Family Medicine, and Parris and Associates.

21. These medical records all concluded that Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

22. Specifically, the medical records from Psychiatric Professionals of Georgia had a visit summary from Plaintiff's August 7, 2020 visit that specifically stated, "off work from 12/3/2019 until seen next and has not been able to return to work."

23. Unum Life Insurance Company of America's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Unum Life Insurance Company of America failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. Unum Life Insurance Company of America relied on the opinion of a medical professional who was financially biased by his/her

relationship with Unum Life Insurance Company of America and as such unable to offer an unbiased opinion;

c. Unum Life Insurance Company of America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. Unum Life Insurance Company of America relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. Unum Life Insurance Company of America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. Unum Life Insurance Company of America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

24. Unum Life Insurance Company of America abused its discretion in denying Plaintiff's claim.

25. The decision to deny benefits was wrong under the terms of the Plan.

26. The decision to deny benefits was not supported by substantial evidence in the record.

27.     Unum Life Insurance Company of America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

28.     Unum Life Insurance Company of America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from November 12, 2019 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

29.     Unum Life Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

30.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Unum Life Insurance Company of America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present;
6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;
7. Reasonable costs and attorneys' fees incurred in this action; and
8. Any other legal or equitable relief the Court deems appropriate.

Dated: 7/12/2021                    RESPECTFULLY SUBMITTED,

By: /s/ Blake Bauer

Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*